[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12056
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-03089-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER GULLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 21, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Christopher Gulley, proceeding *pro se*, appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence based on Amendment 706 to the Sentencing Guidelines. On appeal, Gulley asserts Amendment 706 has reduced his offense level from 36 to 34, and the district court should have resentenced him below his amended guideline range based on the 18 U.S.C. § 3553(a) factors and the Supreme Court's decisions in *United States v. Booker*, 125 S. Ct. 738 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007). In response, the government argues Gulley was originally sentenced to a mandatory minimum term of life imprisonment, and, therefore, was not eligible for a sentence reduction based on Amendment 706.

In reviewing the district court's denial of a § 3582(c)(2) motion, we review the district court's legal conclusions *de novo*. *United States v. Williams*, 549 F.3d 1337, 1338-39 (11th Cir. 2008). Section 3582(c)(2) gives federal courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The commentary to the applicable guidelines policy statement, U.S.S.G. § 1B1.10, provides that a reduction in sentence is not authorized if the amendment "does not have the effect of lowering the defendant's applicable

2

guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 comment. (n.1(A)).

Gulley was originally sentenced to a mandatory minimum term of life imprisonment based on the fact he had four prior felony drug convictions. In *Williams*, we held a defendant who was originally sentenced based on a statutory minimum is not eligible for relief under Amendment 706. *Williams*, 549 F.3d at 1342. Because Amendment 706 did not alter that statutory minimum, Gulley was not eligible for a sentence reduction under § 3582(c)(2). *Id*.

Moreover, Gulley's arguments with respect to *Booker* and *Kimbrough* are foreclosed by our precedent. We have held *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005); *United States v. Melvin*, 556 F.3d 1190, 1192-93 (11th Cir. 2009). Because the district court correctly found Gulley was not eligible for a sentence reduction based on Amendment 706, we affirm.

**AFFIRMED.**